**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAMEED ALBURKAT and ALGHADEER BAKERY & MARKET, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WORLDPAY US, INC.,<br><br>*Defendant*. | CIVIL ACTION NO. |

**DEFENDANT WORLDPAY US, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Defendant Worldpay US, Inc. ("Worldpay") hereby removes this action from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, showing the Court as follows.

## I. BACKGROUND

1. On August 26, 2016, Plaintiffs Hameed Alburkat and Alghadeer Bakery & Market, Inc. (collectively, "Plaintiffs") filed a putative class action lawsuit against Worldpay in the Superior Court of Fulton County, Georgia, Case No. 2016-CV-279416 (the "State Court Action").

2. The Complaint in the State Court Action was served on Worldpay on August 30, 2016. A true and correct copy of all papers served upon Worldpay as of the date of this filing are attached hereto as **Exhibit A**.

3. Worldpay first received a copy of Plaintiffs' Complaint through service upon its registered agent. Because Worldpay has filed its Notice of Removal within thirty days of being served with the Complaint on August 30, 2016, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4. As required by 28 U.S.C. § 1446(d), Worldpay shall serve this Notice of Removal on all parties to this action, and shall file in the Superior Court of Fulton County a Notice of Filing of Notice of Removal, which attaches this Notice of Removal. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

## II. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 90(a)(2) because the Atlanta Division of the United States District Court for the Northern District of Georgia embraces the Superior Court of Fulton County, where the State Court Action was filed.

6. As explained below, this Court has original subject-matter jurisdiction over this action and all claims asserted against Worldpay under

CAFA, 28 U.S.C. §§ 1332(d) and 1453(b). Because this Court has subject-matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

7. In the Complaint, the Plaintiffs allege that Worldpay charged both them and a class of similarly situated merchants unauthorized fees for payment processing services. (Compl. ¶¶ 10, 37.) Plaintiffs define the class they seek to represent as: "All United States persons or entities that were charged unauthorized amounts for payment processing services by WorldPay." (*Id.* ¶ 37.) Plaintiffs' Complaint contains claims for breach of contract and breach of the covenant of good faith and fair dealing, unjust enrichment, and unconscionability. (*Id*. ¶¶ 52-74.)

8. Plaintiffs seek on behalf of themselves and the putative class "actual, incidental, and consequential damages," including "all compensatory damages, punitive damages, restitution, any applicable penalties and interest, authorized attorneys' fees, interest, and costs." (*Id.* ¶ 75.)

9. CAFA permits the removal of a class action against a non-governmental entity when (a) the number of proposed class members is not less than 100; (b) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000; and (c) any member of the proposed plaintiff class is a

citizen of a state different from any defendant. 28 U.S.C. § 1332(d). All three conditions are satisfied here.

**A. The number of proposed class members is greater than 100**

10. Plaintiffs allege that: "The members of the Class are so numerous that joinder is impractical. *The Class consists of, at the very least, thousands of members*[.]" (Compl. ¶ 41 (emphasis added).)

11. The face of the Complaint, therefore, establishes that the number of proposed class members is not less than 100.

12. In fact, Worldpay provides processing services to approximately 165,500 merchants in the United States.

**B. The aggregate amount in controversy exceeds $5,000,000**

13. The $5,000,000 jurisdictional threshold may be based on an aggregation of all the potential class members' claims. 28 U.S.C. § 1332(d)(6).

14. At the removal stage, "all that is required is a 'short and plain statement of the ground for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (citing *Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014)).

15. Moreover, the "amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Dudley*, 778 F.3d at 913 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

16. The Complaint seeks the disgorgement and recovery of purportedly "improper" fees that Worldpay charged to the putative class members for payment processing services. (Compl. ¶ 75.)

17. Specifically, Plaintiffs allege that Worldpay improperly charged Alghadeer Bakery & Market, Inc. the following fees in violation of the parties' contract:

a. A monthly administrative fee of $9.99, rather than the $5.00 fee prescribed in the contract, for an overcharge of $4.99 per month—roughly $119.76 in purported overcharges for the two years of the parties' business relationship (*id.* ¶ 30);

b. A "batch header fee" of $0.25 per occurrence, rather than $0.10 per occurrence, for an alleged overcharge of $0.15 per occurrence (*id.*);

c. An annual fee of $159.00, which supposedly was not contemplated by the contract, but which Worldpay purportedly charged once in 2015 (*id.* ¶ 31); and

d. Inflated interchange fees and per transaction rates (*id.* ¶ 29).

18. Plaintiffs do not quantify the total of the purportedly inflated interchange rates and per transaction fees charged by Worldpay, which would vary depending on processing volume. Nevertheless, they describe those fees as "radically higher" than the fees stated in the parties' contract, and Alghadeer Bakery & Market, Inc. processed, on average, several hundred transactions per month.

19. Ultimately, the Plaintiffs conclude that they have "lost hundreds (if not thousands) of dollars as a direct result of WorldPay's improper charges." (*Id.* ¶ 34.)

20. In addition, Plaintiffs claim that Worldpay improperly requested an early termination fee of $495, plus an additional $260 in forecasted lost profits, rather than the early termination fee of $95 allegedly set forth in the parties' agreement. (*Id.* ¶ 33.)

21. Using even the extremely conservative estimate of $500.01 in purported damages per class member, the $5,000,000 amount in controversy is easily satisfied.

22. Plaintiffs broadly define the putative class to include "[a]ll United States persons or entities that were charged unauthorized amounts" by Worldpay, and allege that the class consists of "at the very least, thousands of members." (*Id.* ¶¶ 37, 41.)

23. Again, Worldpay provides processing services to approximately 165,500 merchants in the United States. It processes over 9.4 million transactions per day.

24. If even 10,000 of Worldpay's merchants—or approximately 6% of Worldpay's U.S. merchants—are members of the putative class, and if each member experienced a conservative estimate of $500.01 in allegedly improper fees, the amount in controversy would exceed $5,000,000.

25. Of course, Plaintiffs describe the putative class as being much larger. Indeed, Plaintiffs claim that the allegedly improper charges it experienced with Worldpay "are not isolated, but rather are illustrative of [Worldpay's] improper business practices towards its customers." (*Id.* ¶ 36.) Were that to be the case, then challenging the $159.00 annual fee alone (across Worldpay's 165,500 U.S.

merchants) would result in an amount in controversy several times greater than CAFA's $5 million jurisdictional threshold.

26. Accordingly, CAFA's amount in controversy is satisfied.

**C. Diversity of citizenship exists**

27. CAFA endows the district courts with original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

28. The requisite diversity of citizenship exists between Plaintiff Alghadeer Bakery & Market, Inc. and the sole defendant, Worldpay.

29. Specifically, Plaintiff Alghadeer Bakery & Market, Inc. "is a Michigan corporation with its principal place of business at 7494 Greenfield Road, Detroit, Michigan, 48828." (Compl. ¶ 11.) Consequently, Alghadeer Baker & Market, Inc. is a citizen of Michigan for purposes of removal.

30. Worldpay is a Georgia corporation with its principal place of business at 201 17 Street NW, Suite 1000, Atlanta, Georgia 30363. Thus, Worldpay is a citizen of Georgia for purposes of removal.

31. Because at least one member of the proposed class of plaintiffs is a citizen of a different state from the sole defendant, CAFA's diversity requirement is satisfied.

32. Furthermore, Worldpay's merchants are located all across the United States. Less than one-third of members of the proposed class are citizens of Georgia.

WHEREFORE, for all the foregoing reasons, the Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441(b), 1446, and 1453, and this action is properly removed to this Court.[1]

Respectfully submitted this 27th day of September, 2016.

ARNALL GOLDEN GREGORY LLP

/s/ Edward A. Marshall
Edward A. Marshall
Ga Bar No. 471533
edward.marshall@agg.com
Theresa Y. Kananen
Ga Bar No. 026285
theresa.kananen@agg.com
Megan P. Mitchell
Ga Bar No. 916934
megan.mitchell@agg.com

171 17th St. NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501

*Attorneys for Defendant Worldpay US, Inc.*

[1] Worldpay intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.



9333614

**CERTIFICATE OF COMPLIANCE AND SERVICE**

The undersigned hereby certifies that on September 27, 2016, the foregoing NOTICE OF REMOVAL was prepared using 13-point Book Antiqua font, and was filed electronically with the Clerk of Court, using the CM/ECF filing system. In addition, a copy of this NOTICE OF REMOVAL was served via U.S. Mail, postage prepaid on the following counsel of record:

E. Adam Webb
Matthew C. Klase
G. Franklin Lemond, Jr.
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
*Attorneys for Plaintiffs*

/s/ Edward A. Marshall
Edward A. Marshall
Ga Bar No. 471533