# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALGHADEER BAKERY & MARKET, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORLDPAY US, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 1:16-cv-03627-MLB |
| ACEBEDO & JOHNSON, LLC, IDL QUAD GROUP, LLC, and MEDICAL LEGAL CONSULTANTS OF GREATER ATLANTA, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLDPAY US, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 1:18-cv-02688-MLB |

## ORDER GRANTING PRELIMINARY APPROVAL AND DIRECTING NOTICE

Plaintiffs and Defendant have agreed to a settlement of these actions, the terms and conditions of which are set forth in an executed Settlement Agreement

and Release. The parties reached this proposed settlement through arm's-length negotiations following voluminous discovery and mediation. Under the settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed settlement class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Defendant's payment of $15 million to create a common fund to benefit the settlement class, inclusive of the costs of notice and settlement administration, legal fees and costs of class counsel, and service awards to Plaintiffs. In addition, Defendant is required to make several changes to its contract to benefit settlement class members that remain customers.

The proposed settlement has been filed with the Court, and Plaintiffs and class counsel filed an Unopposed Motion for Preliminary Approval and to Direct Notice of Class Settlement (the "motion"). Upon considering the motion and exhibits thereto, the proposed settlement, the record in these proceedings, the representations and recommendations of class counsel, and the requirements of law, the Court has determined the proposed settlement appears to be fair, adequate, and reasonable and satisfies the criteria for preliminary approval and the notice plan should be approved and notice directed to the settlement class. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED AND**

**ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1337.

2. Venue is proper in this District.

### Provisional Class Certification and Appointment of Class Representatives and Class Counsel

3. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that courts need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

4. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and thus certification of the proposed settlement class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following settlement class:

> All ISO and SBU merchants that entered into a payment card processing service contract with Defendant Worldpay US, Inc. and paid one or more of the Subject Fees between August 26, 2010, and the date of preliminary approval.

Excluded from the settlement class are Defendant; parents, subsidiaries, or affiliates of Defendant; any entity in which any Defendant has a controlling interest; Defendant's counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are any persons that exclude themselves from the class in accordance with the provisions set forth in the class notice.

5. The Court specifically determines that, for settlement purposes, the proposed settlement class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class, as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

6. The Court appoints the following entities as class representatives: Alghadeer Bakery & Market, Inc., Acebedo & Johnson, LLC, IDL Quad Group, LLC, and Medical Legal Consultants of Greater Atlanta, LLC.

7.     The Court appoints the following persons and entities as class counsel who shall be responsible for handling all settlement-related matters on behalf of Plaintiffs and the settlement class:  E. Adam Webb and Matthew C. Klase of Webb, Klase & Lemond, LLC.  The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

## Preliminary Approval of the Settlement and Appointment of Settlement Administrator

8.     Upon preliminary review, the Court finds the proposed settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the settlement class.  Accordingly, the proposed settlement is preliminarily approved.

9.     No more than 30 days following the date of this Order, Defendant is to deposit $15 million into an escrow account to be established and maintained by the escrow agent selected by the parties, in coordination with settlement and notice administrator KCC Class Action Services, LLC, which is hereby appointed as settlement administrator.  The settlement administrator's fees, as approved by the parties, will be paid from the settlement fund pursuant to the settlement agreement.

## Approval of Notice and Notice Program

10.    The notice program set forth in the settlement agreement and the

forms of notice and claim form attached as exhibits to the settlement agreement satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The settlement administrator appointed above is directed to carry out the notice program in conformance with the settlement and to perform all other tasks that the settlement agreement requires.

11. The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by settlement class members.

**Final Approval Hearing, Opt-Outs, and Objections**

12. The Court directs that a final approval hearing shall be scheduled for **June 3, 2020, at 10:00 a.m., in Courtroom 1906, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303,** to assist the Court in determining, among other things, whether: (a) the proposed settlement class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the settlement should be finally approved as fair, reasonable, and adequate; (c) class counsel's application for attorneys' fees and expenses should be approved; and (d) the application for the class representatives to receive service awards should be approved. Any other matters the Court deems necessary and appropriate will also be heard.

13. Any settlement class member that has not timely and properly excluded itself from the settlement class in the manner described below may appear at the final approval hearing in person or through counsel and be heard, to the extent allowed by the Court, regarding the proposed settlement; provided, however, that no class member that has elected to exclude itself from the class shall be entitled to object or otherwise appear, and, further provided, that no class member shall be heard in opposition to the settlement unless the class member complies with the requirements of this Order pertaining to objections, which are described below.

14. Any settlement class member that wishes to be excluded from the settlement class must mail a written notification of the intent to exclude itself to the settlement administrator at the address provided in the notice, postmarked no later than 120 days from the date of this Order (the "opt-out deadline").  The written notification must identify the settlement class member and this action; state that the settlement class member has chosen to opt-out or exclude itself from the settlement class; and contain the name, address, position, and signature of the individual who is acting on behalf of the settlement class member.

15. The settlement administrator shall provide the parties with copies of all opt-out notifications and, within five days after the opt-out deadline, a final list of all that have timely and validly excluded themselves from the settlement class.  The final list should be filed with the Court before the final approval hearing.

16. Any settlement class member that does not timely and validly exclude itself from the settlement shall be bound by the terms of the settlement. If final judgment is entered, any settlement class member that has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this

matter, including but not limited to the release set forth in the settlement and final judgment.

17. All those that submit valid and timely notices of exclusion shall not be entitled to receive any benefits of the settlement.

18. A settlement class member that complies with the requirements of this Order may object to the settlement, Class Counsel's request for fees and expenses, or the request for service awards to the class representatives.

19. No settlement class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any settlement class member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court within 120 days from the date of this Order (the "objection deadline"); or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendant's counsel, at the addresses listed in the long form notice available on the settlement website, and postmarked by no later than the objection deadline. For the objection to be considered by the Court, the objection shall set forth:

    a. the name or caption of this action;

    b. the objector's full name, address, and telephone number;

    c. an explanation of the basis upon which the objector claims to

be a settlement class member;

      d.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or his/her counsel;

      e.    the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

      f.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement or fee application;

      g.    the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

      h.    any and all agreements that relate to the objection or the

10

process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

      i.     the identity of all counsel representing the objector who will appear at the final approval hearing;

      j.     a list of all persons who will be called to testify at the final approval hearing in support of the objection;

      k.     a statement confirming whether the objector intends to personally appear and/or testify at the final approval hearing;

      l.     at least four dates that the objector will be available to be deposed before the final approval hearing by Class Counsel and Defendants' lawyers and the location where the objector will be available;

      m.     if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already

spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate; and

      n.    the objector's signature (an attorney's signature is not sufficient).

20.    Any settlement class member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the settlement agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the settlement agreement if final judgment is entered.

### Claims Process and Allocation Formula

21.    The settlement agreement establishes a process for providing cash benefits to settlement class members if they submit a timely, valid claim form. The Court preliminarily approves this process, including specifically the allocation formula that describes how payments will be calculated and is attached as Exhibit 1 to the settlement agreement, and directs that the settlement administrator effectuate the claims and distribution process according to the terms of the settlement agreement.

22.    Settlement class members shall file their claims in accordance with the requirements and procedures specified in the notice and the claim form. If

final judgment is entered, settlement class members that fail to submit a claim in accordance with the requirements and procedures specified in the notice and claim form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the settlement agreement, including the release included in that agreement, and the final judgment.

### Termination of the Settlement and Use of this Order

23. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is not finally approved by the Court or is terminated in accordance with the terms of the settlement agreement. In such event, the settlement and settlement agreement shall become null and void and be of no further force and effect, and neither the settlement agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

24. This Order shall be of no force or effect if final judgment is not entered or there is no effective date under the terms of the settlement agreement; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any

settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

### Stay of Proceedings

25. Except as necessary to effectuate this Order, these matters are stayed and suspended pending the final approval hearing and issuance of the final judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

26. The Court reserves the right to adjourn or continue the final approval hearing and related deadlines without further written notice to the settlement class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the settlement administrator.

### Summary of Deadlines

27. The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the final approval hearing. Deadlines arising under the settlement agreement and this Order include but are not limited to the following:

<u>Notice Deadline:</u>  60 days after entry of this Order

<u>Objection and Opt-Out Deadline:</u>  120 days after entry of this Order

<u>Claims Deadline:</u>  180 days after entry of this Order

<u>Filing Motion for Final Approval:</u>  30 days before Final Approval Hearing

<u>Filing Motion for Attorneys' Fees and Service Awards:</u>  30 days before Final Approval Hearing

<u>Final Approval Hearing:</u>  see Paragraph 12 above

**SO ORDERED** this 10th day of January, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE